**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| CYNTHIA ARTIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 01-400 (EGS) |
| ALAN GREENSPAN, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss based on plaintiffs' failure to satisfy administrative counseling requirements. Upon consideration of the defendant's motion, the response and reply thereto, and the entire record, the Court **GRANTS** defendant's motion to dismiss.

**I.   BACKGROUND**

Plaintiffs are sixteen secretaries employed or formerly employed by the Board of Governors of the Federal Reserve System ("Board"). Plaintiffs filed a complaint for racial discrimination in employment against Alan Greenspan in his official capacity as Chairman of the Board.[1]

---

[1] The factual and procedural history is recounted in further detail in this Court's Memorandum Opinion and Order of September 25, 2002. *See Artis, et al. v. Greenspan*, 223 F. Supp. 2d 149 (D.D.C. 2002).

On October 1, 2001, the Board filed a motion to dismiss plaintiffs' second amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant argued that this Court was without jurisdiction to hear plaintiffs' claims because plaintiffs failed to exhaust their administrative remedies.  Specifically, defendant argued that plaintiffs failed to engage meaningfully in required counseling with an EEO counselor.  *See* Def.'s Mot. to Dismiss Second Am. Compl. at 16-30.  In their opposition, plaintiffs countered that it was the Board who prevented any counseling from going forward.  Plaintiffs claimed that during one of their 1997 counseling sessions, counselor Rosemarie Nelson told them that she had been instructed not to engage in counseling of any group claims.  *See* Pls.' Opp'n to Mot. to Dismiss Second Am. Compl. at 13.  Plaintiffs also claimed that the Board had policies and practices in place to discourage individuals from pursuing EEO complaints.  *Id*. at 14.

Because plaintiffs proffered evidence that the Board counseling sessions were being used as a means of preventing plaintiffs from instituting a civil action in federal court, the Court denied defendant's motion to dismiss plaintiffs' second amended complaint subject to reconsideration after the parties conducted limited jurisdictional discovery.  *See Artis, et al. v. Greenspan*, 223 F. Supp. 2d 149, 155-56 (D.D.C. 2002).  Following

the Court's opinion, the parties engaged in extensive discovery on the issue of whether plaintiffs satisfied their administrative counseling requirements.  After completing discovery, the defendant renewed its motion to dismiss, claiming that plaintiffs had "failed and refused to engage meaningfully in the counseling process."  Def.'s Mot. and Mem. Regarding Pls.' Failure to Satisfy Administrative Counseling Requirements ("Def.'s Renewed Mot. to Dismiss") at 1.  Plaintiffs responded that they engaged in counseling in good faith but it was a "futile exercise."  Pls.' Reply to Def.'s Responses to Court Ordered Document Production and Response to Def.'s Mot. to Dismiss ("Pls.' Resp.") at 7.

**II.  DISCUSSION**

Defendant renews its argument that this Court lacks subject matter jurisdiction to adjudicate plaintiffs' claims and moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  It is well settled that federal employees must exhaust their administrative remedies prior to bringing suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.  *See*, *e.g.*, *Brown v. General Serv. Admin.*, 425 U.S. 820, 832-33 (1976). Failure to exhaust administrative remedies deprives a district court of subject matter jurisdiction. *Artis v. Greenspan*, 158 F.3d 1301, 1302 (D.C. Cir. 1998) ("*Artis I*") (affirming dismissal pursuant to Fed. R. Civ. P. 12(b)(1)).  Thus, the defendant

properly raises the issue of exhaustion in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

Those plaintiffs seeking to file a class complaint and those seeking to file an individual complaint have the same burden to exhaust administrative remedies. *See* 12 C.F.R. § 268.204(b) (referring to 12 C.F.R. § 268.104, which governs counseling requirements in individual cases). Exhaustion of administrative remedies "by at least one named plaintiff is a condition precedent to sustaining a class action under Title VII." *Thomas v. Reno*, 943 F. Supp. 41, 43 (D.D.C. 1996) (citing *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.2d 1395 (D.C. Cir. 1988)); *Contreras v. Ridge*, 305 F. Supp. 2d 126, 132 (D.D.C. 2004) (quoting *Thomas*); *see also Moore v. Chertoff*, 437 F. Supp. 2d 156, 163 (D.D.C. 2006) (noting that a class plaintiff may vicariously exhaust his administrative remedies "only if one plaintiff actually has exhausted his claims and if the exhausted claims are so similar to the unexhausted claims that 'it can fairly be said that no conciliatory purpose would be served by filing separate EEOC charges . . . .'") (quoting *Foster v. Gueory*, 655 F.2d 1319, 1322 (D.C. Cir. 1981)).

In *Artis I*, the D.C. Circuit held that, in order to exhaust administrative remedies, "[c]laims must be brought to an EEO Counselor in a manner that lends itself to potential resolution. . . . [P]roviding the agency with bare 'notice' of the basis of

the complaint during the counseling stage is not enough." 158 F.3d at 1306.  Agencies cannot be expected to make decisions based on "vague allegations of discrimination" without "details or dates" because this frustrates "the agencies' ability to investigate complaints."  *Wilson v. Pena*, 79 F.3d 154, 165 (D.C. Cir. 1996); *see also Barnes v. Levitt*, 118 F.3d 404 (5th Cir. 1997) (finding that plaintiff did not comply with exhaustion requirement when she told EEO counselor that she refused to participate in counseling because the agency had known of her specific allegations for two years); *Woodard v. Lehman*, 717 F.2d 909 (4th Cir. 1983) (upholding agency determination that complaint must be dismissed when complainant in counseling declines to describe specific event that gave rise to the complaint).

Defendant here asserts that during plaintiffs' group counseling sessions with Board counselors on January 15, 1997 and February 13, 1997, plaintiffs provided only generalized allegations of "class" discrimination and refused to provide any details regarding any specific incidents of alleged discrimination.  Def.'s Renewed Mot. to Dismiss at 2-3.  After the first counseling session, defendant contends that Board counselors attempted to meet one-on-one with those plaintiffs who were willing to meet, but plaintiffs again refused to provide any details about specific acts of discrimination in those individual meetings.  *Id*.  Defendant further asserts that after February 13,

1997, plaintiffs refused to extend the counseling period or participate in any further group or individual counseling. Defendant cites numerous examples of individual plaintiffs confirming that they refused to provide any details on particular, individualized incidents of discrimination.  *Id*. at 2-4.  Instead, plaintiffs repeatedly asserted that because of the class nature of their complaint, they would not provide details regarding any one plaintiff's circumstances.  *Id*.  Plaintiffs also allegedly refused to let the Board counselors contact their supervisors as part of the investigation.  *Id*. at 5.

In response, plaintiffs do not dispute that they refused to provide details about individual incidents.  Instead, they claim that they did "all that was asked of them in counseling in good faith," but defendant acted in "bad faith" throughout the counseling process.  Pls.' Resp. at 2, 10.  Plaintiffs assert that defendant failed to produce any documents, failed to address the issue of documents that were lost or destroyed, failed to advise plaintiffs of their rights and duties in writing during the initial counseling session, and refused to discuss any class issues during counseling sessions.  *Id*. at 1-6.  Plaintiffs also assert that defendant has conceded that counseling occurred.  *Id*. at 6-7.

In its reply, defendant refers the Court to record evidence in which plaintiffs themselves testify that they could raise any

6

issue they wanted in counseling sessions and were not prevented from discussing class issues. Def.'s Reply Regarding Pls.' Failure to Satisfy Administrative Counseling Requirements ("Def.'s Reply") at 2-3. Defendant also cites to specific evidence showing that at least some plaintiffs were informed of their rights by counselors. *Id.* at 3. Defendant asserts that plaintiffs have failed to show how the destruction of counselors' notes could demonstrate that plaintiffs engaged in counseling in good faith when the counselors used their notes to prepare reports, and plaintiffs have failed to identify any instances of discrimination they discussed with Board counselors that were omitted from the counselors' reports. *Id.* at 4. Finally, defendant argues that any "admission" by Barry Taylor, the supervisor of the Board counselors, that counseling occurred was merely descriptive of the fact that meetings took place and not a determination of the legal sufficiency of those counseling meetings. *Id.* at 5.

The Court finds *Artis I* to be controlling in this case. As in *Artis I*, plaintiffs have "failed to give the Board information to which plaintiffs alone had access -- specific instances of Board-wide discriminatory personnel practices that affected members of the putative class." *Artis I*, 158 F.3d at 1307-08. Plaintiffs have again declined to cooperate with the Board by failing to provide any meaningful information about specific instances of discrimination. Despite all of plaintiffs' arguments

regarding defendant's failures throughout the counseling process, plaintiffs have not disputed that they refused to provide any details and dates underlying their claims of discrimination. Without such information, an agency has no possibility of attempting to informally resolve disputes.  Therefore, this Court finds that plaintiffs failed to engage in counseling in good faith and, therefore, did not satisfy their obligation to exhaust administrative remedies.

### III. CONCLUSION

Accordingly, upon careful consideration of defendant's renewed motion to dismiss, the opposition and reply thereto, the entire record herein, and the applicable statutory and case law, defendant's motion to dismiss plaintiffs' claims due to their failure to exhaust administrative remedies is **GRANTED** and plaintiffs' Second Amended Complaint will be **DISMISSED WITH PREJUDICE.**  A separate Order accompanies this Memorandum Opinion.


**Signed:    EMMET G. SULLIVAN**
**            UNITED STATES DISTRICT JUDGE**
**            JANUARY 31, 2007**