**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| CYNTHIA ARTIS, *et al.*,     ) | |
|                             ) | |
|            Plaintiffs,      ) | |
|                             ) | |
|            v.               ) | Civil Action No. 01-400 (EGS) |
|                             ) | |
| BEN S. BERNANKE,[1]          ) | |
| Chairman of the Board       ) | |
| of Governors of the         ) | |
| Federal Reserve System,     ) | |
|                             ) | |
|            Defendant.       ) | |
| _____ ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is plaintiffs' motion to alter and amend the judgment pursuant to Federal Rule of Procedure 59(e). For the following reasons, the Court **DENIES** the motion.

**I.  Background**

The factual and procedural history of this case have been discussed in detail by this Court in its Memorandum Opinion and Order of September 25, 2002 and Memorandum Opinion of January 31, 2007, and need not be repeated here. *See Artis v. Greenspan*, 474 F. Supp. 2d 16 (D.D.C. 2007); *Artis v. Greenspan*, 223 F. Supp. 2d 149 (D.D.C. 2002).  On January 31, 2007, the Court granted

---

[1]  By operation of Federal Rule of Civil Procedure 25(d)(1), Chairman of the Board of Governors Bernanke is automatically substituted as the proper party in place of former Chairman Alan Greenspan.

defendant's motion to dismiss plaintiffs' claims due to their
failure to exhaust administrative remedies and dismissed with
prejudice plaintiffs' Second Amended Complaint.  Plaintiffs filed
the instant motion shortly thereafter.  The Court held a hearing
on the motion, at which point the parties were asked to submit
supplemental briefing focusing on the issue of whether plaintiff
Kim Hardy ("Hardy") exhausted her administrative remedies.  The
motion is now ripe for decision by this Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 59(e) allows a party to file
a motion to alter or amend the judgment, but these motions "are
disfavored and relief from judgment is granted only when the
moving party establishes extraordinary circumstances."
*Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C.
2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir.
1998)).  "A Rule 59(e) motion is discretionary and need not be
granted unless the district court finds that there is an
intervening change of controlling law, the availability of new
evidence, or the need to correct a clear error or prevent manifest
injustice."  *Messina v. Krakower*, 439 F.3d 755, 758-59 (D.C. Cir.
2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.
Cir. 1996) (internal quotation marks omitted)).

III. **Discussion**

Much of plaintiffs' motion relies on evidence that was in the record when this Court ruled on defendant's motion to dismiss. Plaintiffs do not assert that an intervening change in the law has called into question this Court's ruling; rather, they contend that the Court was "clearly in error" in finding that plaintiffs failed to engage in the type of counseling necessary to exhaust their administrative remedies. Pls.' Mem. P. & A. Supp. Mot. to Alter & Amend at 3. Plaintiffs' arguments on this score are simply an attempt to reargue the issues ruled on by the Court in granting defendant's motion to dismiss, and the Court rejects them as such. *See Fund for Animals v. Norton*, 326 F. Supp. 2d 124, 125-26 (D.D.C. 2004) ("Rule 59(e) motions are not intended to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law."). The Court finds no clear error of either fact or law that needs to be corrected in its Memorandum Opinion of January 31, 2007.

Plaintiffs have presented one piece of "new" evidence in their Rule 59(e) motion: A declaration from Hardy, signed on February 14, 2007, recounting her recollections of the "group counseling session" that took place on January 15, 1997 with EEO counselor Rosemarie Nelson ("Nelson"). *See* Pls.' Mot. to Alter & Amend at Ex. 7. In the declaration, Hardy states that she was the

only individual interviewed by Nelson at that meeting and gave
Nelson detailed information about her claims of discrimination.
*Id.*  Hardy also claims that Nelson had been instructed by her
supervisors "not to counsel on any group matters" and that, at the
instruction of management, Nelson left the details of Hardy's
statements at the counseling session out of her counseling report.
*Id.*  Plaintiffs argue that Hardy's testimony was "improperly
excluded from the record" and that her declaration supports the
conclusion that plaintiffs "participated in good faith, to the
best of their abilities in the counseling process." Pls.' Mem. P.
& A. Supp. Mot. to Alter & Amend at 32-33.

        The Court does not credit Hardy's declaration, which
contradicts other record evidence regarding the same events –
events that transpired ten years prior to Hardy's most recent
declaration.  Indeed, some of the statements contained in the
declaration are inconsistent with Hardy's own prior sworn
testimony from her 2004 deposition.  The declaration is also out
of keeping with statements of other individuals having personal
knowledge of the events in question, including both Nelson and
plaintiff Cynthia Artis.

        More fundamentally, Hardy's declaration cannot be credited
because there is simply no way in which her recent recollections
can properly be considered "new evidence" under the standard
governing a Rule 59(e) motion.  Plaintiffs fail to explain why

4

these statements could not have been presented when defendant's
motion to dismiss was originally pending before the Court; how
Hardy's testimony could plausibly be understood as being
previously unavailable to plaintiffs; or why the Court should rely
on these more recent recollections, particularly when they
contradict other evidence already in the record.  Moreover, the
Court still finds no evidence in the record that Hardy or any of
the other plaintiffs provided information about specific instances
of discrimination sufficient to meet the exhaustion requirements
articulated in *Artis v. Greenspan*, 158 F.3d 1301, 1302 (D.C. Cir.
1998).


## IV.  Conclusion

Accordingly, upon careful consideration of plaintiffs'
motion, the response and reply thereto, the supplemental briefing
filed by the parties at the request of the Court, the entire
record herein, and the applicable law, it is by the Court hereby

**ORDERED** that plaintiff's motion is **DENIED**.  This is a final
appealable order.  *See* Fed. R. App. P. 4(a).


Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **March 2, 2009**