UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYNTHIA ARTIS, et al.,<br><br>         Plaintiffs,<br><br>    v.<br><br>BEN S. BERNANKE, CHAIRMAN<br>OF THE BOARD OF GOVERNORS OF<br>THE FEDERAL RESERVE SYSTEM,<br><br>         Defendant. | Civil Action No. 1:01-cv-400 (EGS) |

## SCHEDULING ORDER

Attorneys of record shall read this Scheduling Order in its entirety upon receipt and are responsible for ensuring that members of the attorney's staff are also familiar with and follow these procedures and the Local Civil Rules. The failure of a party or attorney to comply with the provisions of this Order or the Local Civil Rules will be viewed with disfavor and may result in the imposition of sanctions. The parties are advised that requests for extensions of time will also be viewed with disfavor and will not be granted as a matter of course. Furthermore, in view of this Court's limited resources, no one should contact chambers by telephone absent exigent circumstances.

Pursuant to the reports filed according to this Court's Order dated June 7, 2011 and Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26, and finding that no initial scheduling

conference is necessary, it is hereby

**ORDERED** that:

(1) Defendant shall file a responsive pleading or motion under Rule 12 of the Federal Rules of Civil Procedure **by no later than September 8, 2011**. Discovery on Counts II, IV and V of the Second Amended Complaint and the filing of an answer are stayed pending a ruling on that motion.

(2) The case will be managed in three phases:

> Phase I: Class Certification.
>
> Phase II: Merits/Liability.
>
> Phase III: Damages.

At the conclusion of each phase, the parties will confer with respect to a schedule for the next phase, and will submit a proposed schedule to the Court. The limitation of discovery to only the subject of exhaustion of administrative prerequisites is hereby lifted.

The parties shall serve Rule 26(a)(1) initial disclosures by no later than **September 22, 2011**. The parties shall confer and attempt to agree on the language of a confidentiality protective order, to protect the confidentiality of personnel information and other confidential information, and submit it to the Court for approval.

By no later than **September 22, 2011**, plaintiffs shall submit a class definition. Phase I (Class Certification) discovery shall proceed based on plaintiffs' class definition submitted to the Court. Defendant may challenge that definition at any time.

Phase I discovery shall include, and is limited to, any discovery that is relevant under Fed. R. Civ. P 26, to class certification issues arising under Fed. R. Civ. P. 23.

(3) Discovery will be conducted separately for each phase. Phase I (Class Certification) discovery will be divided into two stages: (a) fact discovery; and (b) expert witness discovery.

(4)  The following schedule will apply to Phase I (Class Certification) proceedings. These dates are firm. Accordingly, the parties are directed to ensure that all discovery requests are served in sufficient time to allow a response consistent with the timing set forth in the Federal Rules of Civil Procedure and the Local Civil Rules unless otherwise stipulated by the parties.

(a)  Fact Discovery.  Phase I fact discovery shall be completed by no later than **July 31, 2012**.  Defendant may depose all plaintiffs and any other witnesses identified by plaintiffs as supporting their motion for class certification and up to five additional witnesses. Plaintiffs may depose all witnesses identified by defendant as supporting defendant's position regarding class certification and up to five additional witnesses.  Defendant's responses to plaintiffs' document discovery shall proceed on a rolling basis.

(b)  Expert Witness Discovery.  The parties must disclose expert witness testimony pursuant to the terms of Rule 26(a)(2) of the Federal Rules of Civil Procedure. Plaintiffs' expert report in support of class certification is due **August 31, 2012**.  Defendant's expert report opposing class certification is due **October 1, 2012**.  Depositions of plaintiffs' experts shall be completed by no later than **November 1, 2012**, and depositions of defendants' experts shall be completed by no later than **November 30, 2012**.

(c)  Plaintiffs' Motion for Class Certification shall be filed by no later than **January 4, 2013.**  Defendant's opposition to plaintiff's motion for class certification shall be filed by no later than **February 4, 2012**.  Plaintiffs' reply memorandum in support of class certification shall be filed by no later than **February 18, 2013.**

(5)  If, at any point in time, the parties desire to have a mediator from the District Court's mediation program appointed to assist with settlement discussions, the parties shall electronically file a motion captioned "Joint Motion for Appointment of a Mediator."

(6) Pursuant to Local Civil Rule 7(m), counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the disputes to the Court. See Local Civ. R. 7(m) ("Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. The duty to confer also applies to non-incarcerated parties appearing pro se. A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed.").

(7) Any motion that does not comply with Local Civil Rule 7(m) may be, *sua sponte*, denied by the Court.

(8) Counsel are hereby notified that the party that does not prevail in a discovery dispute shall be ordered to pay the costs involved, including reasonable attorney's fees, absent a determination by the Court that such an award would be unjust.

(9) The parties are directed to confer regarding Phase II discovery following resolution of plaintiffs' class allegations and submit a recommended schedule to the Court.

(10) There will be a status conference on **August 17, 2012 at 12:30 p.m. in Courtroom 24A**. The parties shall be prepared to provide the Court with a joint recommendation for further proceedings at that time. In the event that counsel are unable to agree on a joint recommendation, each party shall be prepared to discuss its individual recommendation with the Court. Counsel with primary case responsibility shall appear at this status hearing and at all other hearings scheduled by the Court.

(11) In view of this Court's limited resources, no one should contact chambers by telephone absent exigent circumstances. In the event, however, that it is absolutely necessary to communicate with Judge Sullivan's staff regarding this case, chambers may be contacted at 202-

354-3260, or the courtroom deputy, Carol Votteler, may be contacted at 202-354-3152. The parties are directed not to call chambers without opposing counsel on the line. Failure to comply with this provision will be viewed with extreme disfavor by the Court.

(12)  All dates in this Order are firm and may not be altered by the parties, without seeking leave of the Court. Any request for an extension of time shall be made by filing a motion and shall state whether any prior extensions of time have been granted and whether the extension will impact any other scheduled dates. A motion for extension of time that is filed on the date that a filing is due will be viewed with extreme disfavor.

(13)  Counsel are instructed to read the D.C. Circuit's opinion in *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, et al., 101 F.3d 145, 152 (D.C. Cir. 1996) ("In implementing a scheduling order at the beginning of a case and insisting on its reasonable observance during litigation, the district court acted in a manner consistent with the Supreme Court's and Congress' concern for the fair and efficient administration of justice.").

(14)  Counsel are also directed to review the D.C. Bar Voluntary Standards for Civility in Professional Conduct, located in Appendix B to the Local Civil Rules. The Court expects counsel to conduct themselves in conformance with these standards.

It is **FURTHER ORDERED** that the Clerk of the Court is not required to provide hard copies of any pleading filed electronically in the above captioned case to supernumerary attorneys of a law firm who have not entered their appearance on the electronic case filing system ("ECF") and registered for a password granting them access to electronic dockets.

**SO ORDERED**.

**SIGNED:    Emmet G. Sullivan**
            **United States District Court Judge**
            **July 21, 2011**