UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
CYNTHIA ARTIS, et al.,        )
                              )
            Plaintiffs,       )
                              )
       v.                     )   Civil Action No. 01-400 (EGS)
                              )
JANET L. YELLEN,              )
                              )
            Defendant.        )
_____)

## MEMORANDUM OPINION

Pending before the Court is defendant's motion to strike the class allegations raised in plaintiffs' Fourth Amended Complaint and for an Order directing the plaintiffs to file an amended complaint stating more specifically their individual claims of discrimination. Also before the Court are plaintiffs' motions for a jury trial and an expedited status hearing. Upon consideration of the motions, the responses and replies thereto, the applicable law, and the entire record, the Court **GRANTS** defendant's motion, and **DENIES** plaintiffs' motions.

I. Background

The history of this case is chronicled more fully in the Court's recent Opinion denying the plaintiffs' motion for class certification. *See Artis v. Yellen*, No. 1-400, 2014 WL 4801783 (D.D.C. Sept. 29, 2014). In summary, this case was filed in 2001, alleging class-wide discrimination by the Federal Reserve

Board against African-American secretarial and clerical employees. The Court initially allowed the plaintiffs to conduct limited discovery regarding administrative-exhaustion issues. *See Artis v. Greenspan*, 223 F. Supp. 2d 149 (D.D.C. 2002). Discovery took a few years, but on January 31, 2007, the Court granted the defendant's motion to dismiss the case on the grounds that the plaintiffs had failed to exhaust their administrative remedies. *See Artis v. Greenspan*, 474 F. Supp. 2d 16 (D.D.C. 2007). The Court denied plaintiffs' motion for reconsideration on March 2, 2009. *See Artis v. Bernanke*, 256 F.R.D. 4 (D.D.C. 2009). On January 11, 2011, the D.C. Circuit reversed the dismissal for failure to exhaust administrative remedies. *See Artis v. Bernanke*, 630 F.3d 1031 (D.C. Cir. 2011).

On remand, the case proceeded into a long and contentious class-discovery period, which is discussed more fully in the Court's class-certification decision. *See Artis*, 2014 WL 4801783, at *4–6. In sum, the plaintiffs refused to participate in discovery, necessitating a motion to compel their responses to written discovery and appearances for depositions. *See id.* at *4. The plaintiffs also filed their own motion to compel the production of certain personnel data, which the Court denied due to their failure to point to any discovery request that the defendant had failed to answer. *See id.* Plaintiffs repeatedly sought reconsideration of this Order in 2012 and 2013, raising

2

arguments that had been previously rejected or could have been raised in the motion to compel. *See id.* at *5-6. The Court rejected these requests for reconsideration. *Id.* The plaintiffs' interlocutory appeal of these decisions—which sought to "enforce" the D.C. Circuit's mandate in plaintiffs' prior appeal—was denied on November 26, 2013. *See* Order, *Artis v. Bernanke*, No. 09-5121 (D.C. Cir. Nov. 26, 2013).

On January 3, 2014, plaintiffs filed their motion for class certification. *See* Mot. to Certify Class, ECF No. 211. The Court denied that motion on September 29, 2014. *See Artis*, 2014 WL 4801783. The Court found that the plaintiffs failed to demonstrate that they satisfied the commonality and typicality requirements of Federal Rule of Civil Procedure 23(a) because they provided nothing—neither fact nor argument—to explain how their claims of discrimination were anything but individualized allegations regarding actions taken by lower-level managers pursuant to delegated discretion. *See id.* at *9-12. The Court also concluded that the plaintiffs could not satisfy the requirements of bringing a class action under any provision of Rule 23(b). *See id.* at *12-13.[1]

---

[1] In addition to denying the motion for class certification, the Court's Opinion rejected various other requests and arguments made by the plaintiffs, including an extremely untimely request to submit an additional expert-witness report, an objection to the Court addressing class-certification before adjudicating the merits of their case, and yet another attempt to seek

The Court's Order denying class certification also directed the parties, "in accordance with the Scheduling Order," to "'confer with respect to a schedule for the next phase, and . . . submit a proposed schedule to the Court.'" Order, ECF No. 224 at 1 (quoting Scheduling Order, ECF No. 95 at 2) (alteration in original). Per the Scheduling Order, the next phase would be "Phase II: Merits/Liability." Scheduling Order, ECF No. 95 at 2. After reviewing the parties' competing status reports, the Court issued the following Minute Order:

> The parties have filed competing status reports containing their recommendations for further proceedings. In plaintiffs' status report, the plaintiffs asserted that they intended to file a Rule 23(f) appeal of the Court's Order denying class certification on October 14, 2014 and to file a motion to stay proceedings on October 15, 2014. The Court has received neither a motion to stay nor a notice of any appeal. Accordingly, the Court will proceed to resolve the parties' competing proposals. Defendant asserts that plaintiffs' complaint does not set forth sufficient factual description of the plaintiffs' individual claims of discrimination and therefore requests that the Court order the plaintiffs to file an amended complaint setting forth such facts. Plaintiffs counter that their complaint states a general pattern-or-practice claim and that they cannot supply any additional facts absent further discovery. Plaintiffs nonetheless ask that the Court institute a schedule whereby they would be permitted to amend their complaint at the close of merits-related discovery. To begin, the Court notes that a complaint serves to provide a defendant with notice of the claims asserted against it and therefore to structure the discovery process. *See Chennareddy v. Dodaro*, 282 F.R.D. 9, 12 (D.D.C. 2012) ("plaintiffs are simply not entitled to discovery on the merits of their

---

reconsideration of the Court's prior discovery orders. *See id.* at *6–8.

> claims until they have properly pled such claims"). Accordingly, if plaintiffs intend to file an amended complaint, that complaint must be filed before Phase II discovery begins. Plaintiffs are therefore ORDERED to file any amended complaint by no later than November 7, 2014. The defendant shall file its response to any amended complaint or, if no amended complaint is filed, any motion requesting whatever relief the defendant feels is appropriate in connection with the currently operative complaint, by no later than December 8, 2014. The Court STAYS discovery pending further Order of this Court.

Minute Order of October 17, 2014.[2]

Plaintiffs did not file an Amended Complaint. On December 8, 2014, the defendant filed the pending motion to strike the class allegations in plaintiffs' Fourth Amended Complaint and for an order directing the plaintiffs to amend their complaint to state their individual claims of discrimination. *See* Mot. to Strike, ECF No. 230. The plaintiffs have opposed that motion, Opp. to Mot. to Strike, ECF No. 231, and the defendant filed a reply brief. *See* Reply in Supp. of Mot. to Strike, ECF No. 232.

Soon after that motion became ripe, the plaintiffs moved for an immediate jury trial on issues involving the Court's resolution of various class-discovery disputes as well as the

---

[2] The plaintiffs petitioned the D.C. Circuit for interlocutory review of the Court's denial of class certification pursuant to Federal Rule of Civil Procedure 23(f). *See* 23(f) Petition, *In re Artis*, No. 14-8003, Doc. 1517894 (D.C. Cir. filed Oct. 14, 2014). On January 14, 2015, the D.C. Circuit denied the petition, holding that "[t]he petition is devoid of argument . . . failing to mention, let alone address, the requirements for interlocutory appeal pursuant to Rule 23(f)." Order, *In re Artis*, No. 14-8003 (D.C. Cir. Jan. 14, 2015).

5

merits of the plaintiffs' classwide pattern-or-practice claim. *See* Pls.' Mot. for Trial, ECF No. 233. The defendants object to this request, Opp. to Mot. for Trial, ECF No. 234, and the plaintiffs have filed a reply brief in further support of it. *See* Reply in Supp. of Mot. for Trial, ECF No. 235.

Finally, on May 4, 2015, plaintiffs filed a motion that appears to reiterate their request for a jury trial, requests a status hearing to discuss the scope of merits discovery, and indicates that if the Court grants the defendant's motion to strike, the plaintiffs will refuse to amend their Complaint. *See* Pls.' Mot. for Hearing, ECF No. 237. The defendant opposed this motion, Opp. to Mot. for Hearing, ECF No. 238, and the plaintiffs filed a reply brief on May 28, 2015. *See* Reply in Supp. of Mot. for Hearing, ECF No. 239.

These motions are all ripe for resolution.

## II. Legal Standards

### A. Striking Class Allegations

Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This Court's Local Rules relatedly provide that "[a] defendant may move at any time to strike the class action allegations or to dismiss the complaint." Local Civ. R. 23.1(b). The Court is also empowered to "require that the pleadings be amended to eliminate

6

allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). As a general matter, "the decision of whether to strike all or part of a pleading rests within the sound discretion of the Court." *Barnes v. District of Columbia*, 289 F.R.D. 1, 6 (D.D.C. 2012). Normally, "striking portions of a pleading is a drastic remedy, and motions to strike are disfavored," *Uzlyan v. Solis*, 706 F. Supp. 2d 44, 51 (D.D.C. 2010), but the remedy is generally available to "require that pleadings be amended to eliminate class allegations," in cases where "a suit must proceed as a nonclass, individual action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 183 n.6 (1974).

   **B.   Motion for a More Definite Statement**

"Federal Rule of Civil Procedure 8(a)(2) provides that any pleading asserting a claim for relief must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Chennareddy v. Dodaro*, 282 F.R.D. 9, 14 (D.D.C. 2012) (quoting Fed. R. Civ. P. 8(a)(2)). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Rule 8(d)(1) relatedly requires that "[e]ach allegation must be simple, concise, and direct." "'Taken together, [the] Rules . . .

7

. underscore the emphasis placed on clarity and brevity by the federal pleading rules.'" *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)).

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Rule "provides a specific mechanism for striking a complaint (which, if stricken as a whole, has the effect of dismissing the action) in the context of orders for a more definite statement." *Chennareddy*, 282 F.R.D. at 14; *see* Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."). Accordingly, "in some circumstances, if a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 (3d ed. 2015).

**III. Analysis**

   **A.**   **Plaintiffs' Class Allegations Must Be Stricken.**

After an exhaustive period of class discovery, including extensive expert-witness discovery, this Court denied the plaintiffs' motion for class certification on September 29, 2014. *See Artis*, 2014 WL 4801783. Plaintiffs' Fourth Amended Complaint, however, is replete with class-related allegations. Indeed, as the defendant chronicled in her motion, the Fourth Amended Complaint focuses almost entirely on class-wide claims. *See* Fourth Am. Compl., ECF No. 127 ¶¶ 7, 11, 13–29, 31, 35, 40, 43, 45–83, 84–93. The extent to which class allegations are interspersed throughout the Complaint renders it impossible to discern what *individual* claims remain after this Court's denial of class certification. This difficulty means that this case is an appropriate candidate for exercise of the Court's authority to "require that pleadings be amended to eliminate class allegations," in cases where "a suit must proceed as a nonclass, individual action." *Eisen*, 417 U.S. at 184 n.6. Accordingly, the Court **GRANTS** the request to strike plaintiffs' class allegations.

### B. Plaintiffs Must Amend their Complaint to Provide a Short and Plain Statement of their *Individual* Claims.

The defendant also asks this Court to direct the plaintiffs to amend their complaint to state more specifically their individual complaints of discrimination, and not to "rely exclusively on plaintiffs' allegation that the Board engaged in

9

a 'pattern or practice' of discrimination." Mot. to Strike, ECF No. 230 at 6. The plaintiffs respond that they should be allowed to proceed on their pattern-or-practice allegations because proper discovery of the electronic information they claim was withheld during class discovery will ultimately prove their claims. *See* Opp. to Mot. to Strike, ECF No. 231 at 2-7.[3]

The Court finds that defendant is supported by ample legal authority. "[T]he pattern-or-practice method of proof is not available to private, nonclass plaintiffs." *Chin v. Port Auth.*, 685 F.3d 135, 149 (2d Cir. 2012); *see also, e.g.*, *Daniels v. United Parcel Serv.*, 701 F.3d 620, 633 (10th Cir. 2012); *Bacon v. Honda*, 370 F.3d 565, 575 (6th Cir. 2004); *Lowery v. Circuit*

---

[3] The Court rejects plaintiffs' additional argument that the defendant's motion should be denied pursuant to Local Civil Rule 7(m). *See* Opp. to Mot. to Strike, ECF No. 231 at 1-2. That Rule provides that "[b]efore filing any *nondispositive* motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." Local Civ. R. 7(m) (emphasis added). As defendant notes, her motion is potentially dispositive as it seeks to strike all class allegations, and seeks a more definite statement of plaintiffs' individual claims, with failure to comply resulting in dismissal with prejudice. Accordingly, Local Civil Rule 7(m) is inapplicable. The parties, moreover, had already conferred regarding their proposals for further proceedings and filed status reports setting forth their competing positions on whether the filing of this very motion was appropriate. *See* Order, ECF No. 224 at 1; Def.'s Status Report, ECF No. 226; Pls.' Status Report, ECF No. 227.

*City Stores, Inc.*, 158 F.3d 742, 759 (4th Cir. 1998), *vacated on other grounds*, 527 U.S. 1031 (1999); *Schuler v. PricewaterhouseCoopers, LLP*, 739 F. Supp. 2d 1, 5 (D.D.C. 2010); *Turner v. District of Columbia*, 383 F. Supp. 2d 157, 169 (D.D.C. 2005). "The phrase 'pattern or practice' appears only once in Title VII—in a section that authorizes the government to pursue injunctive relief against an employer 'engaged in a pattern or practice of resistance to the full enjoyment of any of the rights secured by' the statute." *Chin*, 685 F.2d at 147 (quoting 42 U.S.C. § 2000e-6). The pattern-or-practice method of proof applies "either to this unique form of liability available in government actions . . . or to the burden-shifting framework set out in [*International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977)], and available both to the government in § 2000e-6 litigation and to class-action plaintiffs in private actions alleging discrimination." *Id.* It is inapplicable to private nonclass plaintiffs who "ordinarily must show that an employer took an adverse employment action *against him or her* because of his or her race." *Id.* (emphasis in original).

That is not to say that pattern-or-practice evidence cannot be used to bolster an individual claim. But in a private-individual case, "evidence of a pattern and practice 'can only be collateral to evidence of specific discrimination against the actual plaintiff.'" *Gilty v. Vill. of Oak Park*, 919 F.2d 1247,

11

1252 (7th Cir. 1990) (quoting *Williams v. Boorstin*, 663 F.2d 109, 115 n.38 (D.C. Cir. 1980)).

Plaintiffs' arguments to the contrary were entirely unresponsive and failed to grapple with any of the applicable precedent. The few decisions that plaintiffs cited as support for their theory of liability were all government actions, class actions, or both. *See United States v. City of N.Y.*, 717 F.3d 72 (2d Cir. 2013); *Segar v. Smith*, 738 F.2d 1249 (D.C. Cir. 1984); *EEOC v. Fed. Reserve Bank of Richmond*, 698 F.2d 633 (4th Cir. 1983). "Because this case is not a class action, plaintiffs were required to [plead] specific discrimination against them, and cannot rely upon collateral evidence of 'general instances of discrimination.'" *Bailey v. DiMario*, 925 F. Supp. 801, 813 (D.D.C. 1995) (quoting *Williams*, 663 F.2d at 155 n.38). A pattern-or-practice theory alone cannot support plaintiffs' claims which, after the denial of class certification, must proceed as individual claims.

Nor is the Court convinced by plaintiffs' renewal of their oft-repeated arguments regarding the Court's discovery rulings. *See generally* Opp. to Mot. to Strike, ECF No. 231 at 2–7. To the extent that they use these complaints about the class-discovery process as an excuse for failing to plead an appropriate legal claim, this excuse is rejected:

12

> [T]his Court flatly rejects plaintiffs' contention that they cannot—or should not be required to—submit a more definite statement until they have been given access to the [defendant's] electronic personnel files. Such an approach would permit plaintiffs to bypass the pleading stage of litigation entirely, sanctioning an approach under which plaintiffs could simply allege that the information held by defendant would prove their claims without actually stating what those claims are in the short and plain statement required by Rule 8(a).

*Chennareddy v. Dodaro*, 698 F. Supp. 2d 1, 16 (D.D.C. 2009); *see also Chennareddy*, 282 F.R.D. at 12 ("plaintiffs are simply not entitled to discovery on the merits of their claims until they have properly pled such claims") (emphasis omitted).

Plaintiffs' complaint must therefore contain a short and plain statement of each plaintiff's claim for having suffered individual disparate treatment on the basis of race. Plaintiffs' current complaint, however, focuses entirely on class-wide allegations. *See* Fourth Am. Compl., ECF No. 127 ¶¶ 7, 9–10, 13–31, 35, 40, 43, 45–83, 84–93. They raise essentially no specific allegations regarding any of the individual plaintiffs, mentioning only the plaintiffs' names, race, the division of the Federal Reserve Board in which they worked, and their years of service. *See id.* ¶ 44. None of the plaintiffs allege any individual act of discrimination that is specific to them, and none even specify which of the five areas challenged on a class-wide basis—"salary, cash awards, promotions, performance reviews, and career-transition agreements," *Artis*, 2014 WL

13

4801783, at *2—they personally challenge. A plaintiff's complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations marks and alteration omitted), but plaintiffs have failed to do so. Accordingly, the Court **GRANTS** the defendant's request and Orders that plaintiffs file an amended complaint that sets forth the individual discrimination claims of each plaintiff.

### C. Plaintiffs' Requests for a Trial and Status Hearing Are Denied.

Plaintiffs make what can only be described as a "bizarre," Opp. to Mot. for Trial, ECF No. 234 at 1, request that this Court schedule on an expedited basis a trial to address plaintiffs' objections to this Court's class-discovery rulings. *See* Mot. for Trial, ECF No. 233 at 4–10. Plaintiffs' pleadings describe an elaborate procedure under which these issues would be tried by a jury, the jury would then recess to permit the defendant to produce additional discovery information, and later be recalled to decide the merits of plaintiffs' claims. *See id.* What is missing from plaintiffs' proposal is any mention of the Federal Rules of Civil Procedure. Discovery disputes, of course, are not issues for a jury. Nor is there any basis for the plaintiffs to obtain a trial when they have yet to plead their individual claims consistent with Federal Rule of Civil

14

Procedure 8. Because plaintiffs have failed properly to plead their claims, the Court also finds no need for a status hearing at this time. Plaintiffs' motions are therefore **DENIED**.

### D. If Plaintiffs Fail to Comply with this Order, their Claims Will Be Dismissed With Prejudice.

In one of their pleadings, the plaintiffs appeared to indicate their intent to defy any Order of this Court directing them to submit an Amended Complaint. Their assertion appears to be that if the Court grants the defendant's motion and denies plaintiffs' requests for a jury trial and status hearing, then:

> Plaintiffs request entry of a continuing objection to all matters and decisions of the Court to date in this case as not in accordance with the applicable law and in direct contradiction of demonstrated [sic] fact of the withholding of evidence by this federal agency and request entry of judgment on the existing record subject the [sic] following objection, with Certification of the Ruling to the Court of Appeals for the District of Columbia Circuit.

Pls.' Mot. for Status Hearing, ECF No. 237 at 16. They elaborate that "[s]taying the course would require plaintiffs' performance of *useless and impossible tasks*" and that granting the defendant's motion "would be the conversion of the entire theory of [plaintiffs'] factual and legal case from an invidious pattern and practice provable only by evidence withheld by defendants in violation of law, *to a series of basically unprovable individual claims.*" *Id.* at 16–17 (emphasis added).

15

Putting aside plaintiffs' shocking admission that their individual claims are "basically unprovable," this statement is reflective of plaintiffs' and their counsel's approach throughout this case. Whether failing repeatedly to comply with Court Orders and the requirements of this Court's Local Rules;[4] refusing entirely to participate in class discovery until ordered to do so by this Court;[5] filing repeated, frivolous requests for reconsideration of the Court's discovery orders;[6] or submitting misleading factual information in support of their motion for class certification;[7] the plaintiffs have consistently flouted Court orders and the basic requirements placed on litigants who bring their case to court. These actions have unquestionably burdened the Court's docket with unnecessary filings and delay, have prejudiced the defendant by forcing her to respond to unnecessary and improper filings, and clearly constitute defiant behavior that, if continued, calls out for deterrence. *See Bristol Petroleum Corp. v. Harris*, 901 F.2d 165,

---

[4] *See Artis*, 2014 WL 4801783, at *6 nn.8-9; Minute Order of December 4, 2012; Minute Order of October 17, 2014; Minute Order of November 10, 2014.

[5] *See Artis*, 2014 WL 4801783, at *4; Order, ECF No. 184 at 2; Order, ECF No. 139.

[6] *See Artis*, 2014 WL 4801783, at *5-6, 8; Order, ECF No. 184; Order, ECF No. 199.

[7] *See Artis*, 2014 WL 4801783, at *7 n.10.

167 (D.C. Cir. 1990) ("Considerations relevant to ascertaining when dismissal, rather than a milder disciplinary measure, is warranted include the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system."); *Shea v. Donohoe Const. Co.*, 795 F.2d 1071 (D.C. Cir. 1986). If plaintiffs refuse to file an Amended Complaint, or if they file an Amended Complaint that does not comply with this Order, this history of refusal to follow the rules of procedure and Court Orders will justify "the severe sanction of a dismissal on the merits." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 (3d ed. 2015); *see Chennareddy*, 282 F.R.D. at 15-16 (dismissing with prejudice after a plaintiff's "inexplicable failure to comply with the Court's Orders and the Federal Rules").

**IV. Conclusion**

For the foregoing reasons, the Court **GRANTS** defendant's motion to strike the class allegations from plaintiffs' Fourth Amended Complaint and to require plaintiffs to file a Fifth Amended Complaint setting forth with sufficient particularity their *individual* claims of discrimination. The Court also **DENIES** plaintiffs' requests for a jury trial and status hearing. An appropriate Order accompanies this Memorandum Opinion.

17

SO ORDERED.

Signed:    Emmet G. Sullivan
           United States District Judge
           June 22, 2015